IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN HULL,

    Plaintiff,

v.                                         Civil No. 03-680 WJ/LFG

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE OF
NEW MEXICO TAXATION AND REVENUE
DEPARTMENT'S MOTOR VEHICLE DIVISION,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT STATE OF NEW MEXICO'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant State of New Mexico's Motion to Dismiss [Docket No. 5]. Having reviewed the submissions of the parties, the Court finds the motion is well taken and will be granted.

## BACKGROUND

Plaintiff's driver's license was suspended by the Motor Vehicle Division of the State of New Mexico Taxation and Revenue Department. Plaintiff filed her Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of her civil rights. The State of New Mexico Taxation and Revenue Department, Motor Vehicle Division filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that the State of New Mexico Taxation and Revenue Department, Motor Vehicle Division is not a person within the meaning of 42 U.S.C. § 1983.

## LEGAL STANDARD

"A complaint should not be dismissed for failure to state a claim unless it appears beyond

all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987).  When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff.  Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

The State of New Mexico Taxation and Revenue Department, Motor Vehicle Division is an arm of the State of New Mexico.  Arms of the States and state officials acting in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983 so are immune from suit for damages under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

Plaintiff's Response urges that Barbara Romero, the supervisor at the Motor Vehicle Division, violated her civil rights.  However, Plaintiff did not name Barbara Romero in her personal capacity as a defendant in this case.  Plaintiff urges that Ms. Romero, the MVD and the State of New Mexico are all the same entity and she is entitled to sue under the doctrine of Ex Parte Young.  Plaintiff is correct that Ms. Romero in her official capacity, the MVD and the State of New Mexico are essentially the same party when sued.  Plaintiff is incorrect, however, in her belief that Ex Parte Young entitles her to sue any of these parties, all really the same party, for damages.  In fact, all of these parties are immune from suit for damages under 42 U.S.C. § 1983.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant State of New Mexico's Motion to

Dismiss [Docket No. 5] is hereby GRANTED and all claims against Defendant State of New Mexico Taxation and Revenue Department, Motor Vehicle Division are hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE