IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN HULL,

    Plaintiff,

v.                                            Civil No. 03-680 WJ/LFG

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE OF
NEW MEXICO TAXATION AND REVENUE
DEPARTMENT'S MOTOR VEHICLE DIVISION,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Motion for Summary Judgment [Docket No. 16]. Having reviewed the submissions of the parties and being otherwise fully advised, the Court finds the motion is well taken and will be granted.

**BACKGROUND**

On December 19, 1995, State Farm and its insured, Robin and Bruce Purpura, filed a Complaint for Damages against Plaintiff in the First Judicial District Court, County of Santa Fe, State of New Mexico, cause number SF 95-2865(C) (hereinafter "State Farm's state case"). State Farm alleged that Plaintiff was responsible for damages arising from a motor vehicle accident between Plaintiff and Bruce Purpura. On July 10, 1996, the state court entered default judgment against Plaintiff and awarded State Farm damages in the amount of $2,219.89 plus post judgment interest. On or about April 25, 1997, State Farm filed a Certificate of Facts with the

New Mexico Motor Vehicle Division and requested suspension of Plaintiff's driver's license pursuant to state law for Plaintiff's failure to pay the 1996 judgment.  On July 3, 1997, the Motor Vehicle Division suspended Plaintiff's driver's license for nonpayment of the 1996 judgment.

On September 11, 2000, Plaintiff moved to set aside the 1996 default judgment in State Farm's state case.  One of the grounds on which Plaintiff sought to have the default set aside was lack of notice.  The state court subsequently denied Plaintiff's motion on October 20, 2000.  Plaintiff appealed this decision to the New Mexico Court of Appeals on November 9, 2000.  The Court of Appeals affirmed the denial of the motion to set aside the default judgment.

On May 9, 2001, Plaintiff filed a Civil Complaint for damages in the amount of $29,400 in the First Judicial District Court, County of Santa Fe, State of New Mexico, cause number D-0101-CV-2001-01156 (hereinafter "Plaintiff's state case").  This Complaint alleged damages arising out of State Farm's filing of the Certificate of Facts with the New Mexico Motor Vehicle Division on April 25, 1997 and the subsequent suspension of Plaintiff's driver's license.  Plaintiff and State Farm filed cross motions for summary judgment in Plaintiff's state case.  The state district court granted summary judgment in favor of State Farm and dismissed Plaintiff's Complaint with prejudice on June 25, 2002.  Plaintiff appealed on July 2, 2002.  The New Mexico Court of Appeals affirmed the summary judgment on November 7, 2002.  On November 26, 2002, Plaintiff filed a Petition for Writ of Certiorari to the Supreme Court of the State of New Mexico.  The Petition was denied on December 19, 2002.

On March 20, 2003, the state district court entered an Order closing Plaintiff's state case

and prohibiting Plaintiff from filing further pleadings in the case. On March 24, 2003, Plaintiff filed an appeal of the district court's Order closing the case. The New Mexico Court of Appeals affirmed the district court's Order on August 20, 2003.

On June 9, 2003, Plaintiff *pro se* filed her Complaint in the instant case against State Farm and the State of New Mexico Taxation and Revenue Department's Motor Vehicle Division[1] alleging violations of her civil rights for the suspension of her driver's license in 1997. She seeks damages in the amount of $29,400.

**LEGAL STANDARD**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In order to overcome a motion for summary judgment, "Rule 56 . . . requires the nonmoving party to go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); See also Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir. 1990). All reasonable factual inferences must be drawn in favor of the nonmoving party. Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); Curtis v Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998). However, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. Bausman v. Interstate Brands Corp., 252 F.3d 1111 (10th cir. 2001). The non-movant cannot satisfy her burden with "some metaphysical doubt as to the material facts," Matsushita

---

[1]The State of New Mexico Taxation and Revenue Department's Motor Vehicle Division was dismissed as a party by Memorandum Opinion and Order filed July 29, 2003 [Docket No. 10].

Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), "conclusory allegations," Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990), unsubstantiated assertions, Wilson v. Meeks, 52 F.3d 1547, 1553 (10th Cir. 1995), or the "mere existence of a scintilla of evidence, in support of the [nonmoving party's] position," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To meet her Rule 56 burden, the nonmovant must "by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. In setting forth facts, the nonmoving party need not present evidence in a form admissible at trial, but the content or substance of the evidence must be admissible. Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

**DISCUSSION**

Defendant State Farm filed its Motion for Summary Judgment asserting that it is entitled to summary judgment because Plaintiff's claims are precluded under the doctrine of res judicata. Alternatively, State Farm argues that it is not subject to suit under 42 U.S.C. § 1983 because it did not act under color of state law. Plaintiff filed a Response but did not dispute any of State Farm's proposed Undisputed Material Facts or offer any evidence showing a dispute with regard to these facts. Thus, these facts are deemed admitted.

Plaintiff's response does allege some additional facts. First, she states that the Complaint in State Farm's state case alleged that she was both the owner and operator of the vehicle involved in the accident with Bruce Purpura while she was, in fact, not the owner. Second, she asserts that her driver's license has been suspended for six years and she is indigent. The Court will not consider Plaintiff's additional facts because Plaintiff did not substantiate them with any

4

evidence. Even if Plaintiff had offered evidence in support of these facts, the assertions are not material to this action because they would not affect the outcome of the case under the governing law. See Anderson, 477 U.S. at 248.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Satsky v. Paramount Comm. Inc., 7 F.3d 1464, 1467 (10th Cir. 1993). The full faith and credit clause 28 U.S.C. § 1738 directs federal courts to apply the preclusion law of the state in which a judgment was rendered to determine the preclusive effect of that judgment in federal court. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). State Farm asserts that Plaintiff's claims in this case are precluded by the 2002 judgment in favor of State Farm rendered by the New Mexico district court in Plaintiff's state case. Thus, this Court must look to the preclusion law of New Mexico to determine the effect of the 2002 judgment.

To apply the doctrine of *res judicata* under New Mexico law, three elements must exist: 1) identity of parties or privies in the two actions; 2) identity of the cause of action in both actions; 3) a final decision in the first action; and 4) that the final decision in the first action was decided on the merits. Bennett v. Kisluk, 814 P.2d 89, 93 (N.M. 1991). Gretchen Lynn Hull is the Plaintiff in this case and was the Plaintiff in the First Judicial District Court, County of Santa Fe, State of New Mexico, cause number D-0101-CV-2001-01156 (Plaintiff's state case). State Farm is the defendant in this case and was the defendant in Plaintiff's state case. Therefore, there is an identity of parties between the two actions. The summary judgment in favor of State Farm in Plaintiff's state case is a final decision that is not subject to any further appeal in the state

5

judicial system. Additionally, it was a decision on the merits. Thus, the doctrine of *res judicata* will preclude Plaintiff's claims in this case if there is an identity of the cause of action in both cases.

In Three Rivers Land Co. v. Maddoux, 652 P.2d 240, 245 (N.M. 1982) overruled on other grounds by Universal Life Church v. Coxon, 728 P.2d 467, 469 (N.M. 1986), New Mexico adopted the transactional approach of Restatement (Second) of Judgments to determine what constitutes a "cause of action" for claim preclusion purposes. The transactional approach provides that a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transactions out of which the action arose. Maddoux, 652 P.2d at 245 (citing Restatement (Second) of Judgments §§ 24, 25). What factual grouping constitutes a transaction and what groupings constitute series are to be determined pragmatically giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit. Id. The doctrine of *res judicata* applies to extinguish a claim even when a plaintiff is prepared in the second action to present legal theories not presented in the first action or seeks remedies or forms of relief not demanded in the first action. Id.

Both Plaintiff's state case and the instant federal action arise from the same series of connected transactions and operative facts. These operative facts include State Farm's state case and subsequent default judgment against Plaintiff and State Farm's filing of a Certificate of Facts with the New Mexico Motor Vehicle Division and the subsequent suspension of Plaintiff's driver's license. Plaintiff makes many of the same arguments made with regard to her state case including that she did not receive notice with regard to State Farm's state case such that the

default judgment against her in that case was wrongly rendered. As noted in the Restatement (Second) of Judgments §§ 24 and 25, the fact that Plaintiff raises new legal theories in her federal case that she did not raise in her state case does not prevent application of the doctrine of *res judicata* to preclude her federal claims. There is identity of the causes of action in Plaintiff's state case and the instant case. Therefore, *res judicata* bars Plaintiff's claims, and State Farm is entitled to summary judgment on all of Plaintiff's claims.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Motion for Summary Judgment [Docket No. 16] is hereby GRANTED and Plaintiff's Complaint is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE